# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **BILLIE CHILDERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 3:16-cv-78-WKW-PWG** |
| | ) |
| **LIFE OF THE SOUTH** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

On January 4, 2016, Plaintiff Billie Childers filed a civil complaint in the Circuit Court of Tallapoosa County, Alabama. (Doc. 1-1). The complaint, sounding exclusively in state law, alleges a breach of contract claim against Defendant Life of the South Insurance Company ("LOTS"). (Doc. 1-1 at p. 2). On February 5, 2016, LOTS removed the dispute to the United States District Court for the Middle District of Alabama, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.

On February 12, 2016, LOTS filed a motion to dismiss, contending that it is not a party to the contract at issue and, therefore, cannot be held liable for the alleged breach. (Doc. 3). Plaintiff has submitted a response to LOTS' motion to dismiss. (Doc. 13). On March 29, 2016, Plaintiff moved the court to amend his complaint by

1

seeking to add Regions Bank as a defendant in this case. (Doc. 8). Plaintiff has attached a proposed First Amended Complaint to her motion. (Doc. 8-1). On March 30, 2016, the court ordered LOTS to show cause on or before April 6, 2016, why Plaintiff's motion to amend should not be granted. (Doc. 10). LOTS has tendered a response to the court's show cause order. (Doc. 12).

The matter is before the undersigned pursuant to the order of reference dated March 16, 2016. (Doc. 5). *See also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jefferey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990). For the reasons discussed below, Plaintiff's motion to amend (Doc. 8) is due to be granted, and this case is due to be remanded.

## I.   BACKGROUND

Plaintiff, an Alabama resident, sues LOTS, a company incorporated in Georgia with its principal place of business in Florida. (Doc. 1-1 at p. 1). Plaintiff alleges that, on October 3, 2013, Regions Bank sold a "debt protection" insurance product to Plaintiff and her husband, Fred Daniel Childers. (Doc. 1-1 at p. 2). This "product insured the loss of life and terminal illness of the Plaintiff and her husband . . . for the payoff amount of their loan (Loan #9003911211) which was issued through Regions Bank on the same date." (Doc. 1-1 at p. 2). According to the complaint, the "debt

2

protection" insurance product was attached as a rider to the loan ("Rider") and was issued by LOTS. (Doc. 1-1 at p. 2).

Plaintiff's husband died on January 6, 2014. (Doc. 1-1 at p. 2). Consequently, Plaintiff alleges that the payoff amount of Loan #9003911211 became due to be paid by LOTS in accordance with the "debt protection" insurance policy. (Doc. 1-1 at p. 2). Plaintiff claims that LOTS breached the contract under the Rider by failing to pay off the full amount on the loan which, at the time of the filing of the complaint, totaled $69,026.85. (Doc. 1-1 at p. 2). Defendant states in its notice of removal that, pursuant to § 1332, the parties are completely diverse in their citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. (Doc. 1 at p. 1).[1]

LOTS has filed a motion to dismiss, contending that it is not a party to the Rider and, therefore, cannot be liable for any alleged breach of the Rider. (Doc. 3 at p. 3). LOTS further asserts that only Plaintiff and Regions Bank were parties to both the note and the Rider. (Doc. 3 at p. 4). Plaintiff counters that LOTS' motion to dismiss should be denied because: (1) LOTS is in privity with Regions Bank and is,

---

[1] Even though Plaintiff states that the pay-off amount on the loan was $69,026.85 at the time the complaint was filed, LOTS asserts that Plaintiff has made an unspecified demand for damages. (Doc. 1 at p. 3). LOTS further asserts that "it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.00. (Doc. 1 at p. 5). Plaintiff has not moved to remand this case based on whether LOTS has met its burden of showing the amount in controversy exceeds $75,000.

therefore, liable on the contract; (2) Plaintiff is a third party beneficiary to the contract between Regions Bank and LOTS and has standing to sue LOTS for the wrongful denial of her claim; and (3) Plaintiff can prove that an implied contract exists between her and LOTS at the moment she provided LOTS with the initial claim form. (Doc. 13 at pp. 5-11).

Plaintiff moves to amend the complaint by adding Regions Bank as a defendant.  (Doc. 8).  In Plaintiff's proposed First Amended Complaint, Plaintiff states that Regions Bank is an Alabama corporation.  (Doc. 8-1 at p. 1).  Plaintiff further states that, by adding Regions Bank to the case, "diversity jurisdiction is destroyed, and this Court no longer holds subject matter jurisdiction over this cause of action."  (Doc. 8-1 at p. 4).

In its response to Plaintiff's motion to amend, LOTS acknowledges that the joinder of Regions Bank would destroy diversity jurisdiction.  (Doc. 13 at p. 3). LOTS nevertheless urges the court to rule on its pending motion to dismiss before considering Plaintiff's motion to amend.  (Doc. 12 at p. 3).  LOTS contends that: (1) Plaintiff should not be allowed to deprive LOTS of the right to have this court adjudicate the motion to dismiss; (2) Plaintiff has been dilatory in seeking an amendment to the complaint; (3) Plaintiff will not be significantly injured if the court first rules on the motion to dismiss; and (4) LOTS will be highly inconvenienced by

potentially having to re-brief the issues in state court as well as in a possible arbitration proceeding.  (Doc. 12 at pp. 4-7).

## II.    DISCUSSION

Plaintiff seeks to amend her complaint by adding a nondiverse defendant, Regions Bank. (Doc. 8).  Courts generally "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  "Thus, the decision to grant or deny a post-removal motion to amend a complaint which would destroy the subject matter jurisdiction of the federal court is discretionary."  *Worley v. Pfizer, Inc.*, 535 F. Supp. 2d 1252, 1254 (M.D. Ala. 2008).

However, "the district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."  *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  "In making this determination, a district court must balance competing interests – the danger of parallel federal and state proceedings and the defendant's interest in retaining the federal forum."  *Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 799 F. Supp. 2d 1333, 1334 (S.D. Fla.

5

2011) (citing *Hensgens*, 833 F.2d at 1182).  Thus, before allowing a post-removal amendment which would destroy subject matter jurisdiction, a court must consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any factors bearing on the equities.  *Hensgens*, 833 F.2d at 1182.

Rather than take any position on the substantive merits of Plaintiff's motion to amend, LOTS urges the court to apply the *Hensgens* factors as a means to delay ruling on Plaintiff's motion until after deciding whether to grant its motion to dismiss. (Doc. 12 at pp. 4-7).  LOTS, unsurprisingly does not cite authority for such an analytical use of the *Hensgens* factors.  While mindful of the presence of LOTS' motion to dismiss, the court instead considers the *Hensgens* factors to determine at this time whether it is proper to join Regions Bank, which would then necessitate remand to the state court.  *See* 28 U.S.C. § 1447(e).  As discussed below, application of the *Hensgens* factors reveals that the balance of equities favor allowance of Plaintiff's amendment to the complaint.

With regard to the first *Hensgens* factor, the record reflects that Plaintiff sought to amend her complaint soon after LOTS argued in its motion to dismiss that LOTS was not a party to the Rider.   LOTS contends that Plaintiff knew Regions Bank was the party who issued the Rider and yet chose not to name Regions Bank as a defendant.  (Doc. 12 at p. 4).  In her response to LOTS' motion to dismiss, however, Plaintiff indicates that she had substantial interaction with LOTS regarding her claim for benefits under the Rider and that LOTS ultimately informed her that benefits would be denied.  (Doc. 13 at pp. 1-2).  Given LOTS' direct involvement in denying her claim, it was not unreasonable for Plaintiff to pursue a theory that liability for nonpayment on her benefits claim rested with LOTS as opposed to Regions Bank.

When analyzing the first *Hensgens* factor, it is important to consider "the relative merits or strengths of the plaintiff's claim against the diversity destroying defendant."  *Smith v. White Consol. Industries, Inc.*, 229 F. Supp. 2d 1275, 1280 (N.D. Ala.  2002).  If a claim against the non-diverse defendant is considered to be relatively strong, then joinder should be allowed.  *Id.*  LOTS acknowledges that Plaintiff is likely not attempting to add Regions Bank in order to defeat federal jurisdiction.  (Doc. 12 at p. 4).  Rather, Plaintiff seeks to add Regions Bank as the party that issued the contract at issue in this case.  Based on the information before

the court, Plaintiff has presented a meritorious claim against Regions Bank. The first *Hensgens* factor weighs in favor of allowing Plaintiff's amendment.

With regard to the second factor, LOTS argues that: (1) Plaintiff made an informed decision not to include Regions Bank in her original complaint even though Plaintiff knew Regions Bank had issued the Rider; and (2) Plaintiff waited nearly two months after LOTS filed its motion to dismiss to seek leave to amend. (Doc. 12 at pp. 4-6). LOTS asks the Court to rule on its motion to dismiss first before considering the motion to amend. (*Id.* at 6).

While Plaintiff undoubtedly was aware that Regions Bank was a party to the Rider and could have named Regions Bank in the original complaint, Plaintiff has not been dilatory in seeking to amend her complaint. Within two weeks after the court directed Plaintiff to respond to LOTS' motion to dismiss, Plaintiff filed her motion to amend. Plaintiff filed her amendment less than three months after the complaint was filed in state court and before the court has had an opportunity to issue a scheduling order. Thus, the second *Hensgens* factor weighs in favor of allowing the amendment.

The third *Hensgens* factor examines whether Plaintiff will be significantly injured if the amendment is not allowed. With regard to this factor, courts generally attempt to determine whether a plaintiff can be afforded complete relief in the

absence of the amendment. *See e.g. Jones v. Rent-A-Center E., Inc.*, 356 F. Supp. 2d 1273, 1277 (M.D. Ala. 2005) (permitting joinder where it was unclear that plaintiffs could obtain complete relief without the presence of nondiverse parties). LOTS makes no substantive argument to suggest that Plaintiff will be able to obtain full relief without the presence of Regions Banks. LOTS simply argues that "Plaintiff will not be significantly injured if the court first rules on its motion to dismiss." (Doc. 12 at p. 6).

Plaintiff raises several viable arguments challenging whether LOTS should be dismissed from this case. Plaintiff specifically asserts that: (1) LOTS is in privity with Regions Bank and is, therefore, liable on the contract; (2) Plaintiff is a third party beneficiary to the contract between Regions Bank and LOTS and has standing to sue LOTS for the wrongful denial of her claim; and (3) Plaintiff can prove that an implied contract exists between her and LOTS at the moment she provided LOTS with the initial claim form. (Doc. 13 at pp. 5-11). LOTS argues in part that Plaintiff's theories and facts supporting same have not been properly pled in the complaint. (Doc. 14 at p. 3). Even if LOTS' contention is correct, Plaintiff is not precluded from seeking to amend her complaint.

It is, therefore, not certain whether LOTS would be entitled to dismissal from this case at this early stage. While Plaintiff may institute a separate state court action

against Regions Bank, "the inefficiency of proceeding in parallel forums and the desirability of providing complete relief in one lawsuit, warrant joinder of the non-diverse part[y]." *Holiday Isle, LLC v. Clarion Mortgage Capital, Inc.*, No. 07-00798-CG-C, 2008 WL 1756369, at *3 (S.D. Ala. Apr. 11, 2008). The third *Hensgens* factor also weights in favor of allowing Plaintiff's amendment.

In order to complete the *Hensgens* analysis, it is necessary to consider any other factors bearing on the equities. While consideration should be given to LOTS' right to choose the federal forum, Plaintiff would potentially suffer prejudice by having to pursue separate lawsuits in state and federal court. LOTS argues that it "will be injured and highly inconvenienced" if the motion to amend is granted first because: (1) Regions has an arbitration clause in its contract with Plaintiff; and (2) LOTS will potentially have to re-brief issues in state court as well as in any arbitration proceeding. (Doc. 12 at pp. 6-7). Such prejudice to LOTS is minimal when considering the overall efficiency of having Plaintiff's claims related to the denial of benefits under the Rider be considered in one court proceeding rather than two.

In conclusion, upon consideration of each *Hensgens* factor, the equities weigh in favor of allowing Plaintiff to amend her complaint by adding Regions Bank.

10

Because the addition of Regions Bank destroys subject matter jurisdiction, this case is due to be remanded pursuant to § 1447(e).

## III.   CONCLUSION AND RECOMMENDATION

For these reasons, the Magistrate Judge **RECOMMENDS** that Plaintiff's motion to amend complaint (Doc. 8) is due to be **GRANTED**, that Plaintiff's proposed First Amended Complaint (Doc. 8-1) is due to be filed in this case, and that this cause be remanded to the Circuit Court of Tallapoosa County, Alabama, for lack of subject matter jurisdiction. Because this court lacks subject matter jurisdiction, the court should decline to enter any ruling on LOTS' motion to dismiss (Doc. 3), and that motion should remain pending for adjudication by the state court.

It is **ORDERED** that the parties shall file any objections to this Recommendation on or before **May 2, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from

11

attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 18th day of April, 2016.

/s/ Paul W. Greene
United States Magistrate Judge

12